**Dissenting Opinion Filed March 24, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00447-CV**

**COMPASS BANK, Appellant**
**V.**
**STEPHEN L. GOODMAN, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-02082-B**

## OPINION DISSENTING FROM THE DENIAL OF APPELLEE′S MOTION FOR EN BANC RECONSIDERATION

Before Justices Bridges, Fillmore, and Lewis
Dissenting Opinion by Justice FitzGerald

I respectfully dissent from the denial of appellee's motion for en banc reconsideration in this case for the reasons stated in my dissenting opinion in *Compass Bank v. Manchester Platinum Management, Inc.*, No. 05-11-00912-CV, 2013 WL 4081420 (Tex. App.—Dallas Aug. 13, 2013, pet. filed) (mem. op.) (FitzGerald, J., dissenting).

I also agree with appellee's complaint in his motion for en banc reconsideration in which he presents the question of whether appellee waived his offset rights under section 51.003 of the property code by agreeing to guaranties containing the following language: "Guarantor waives, to the fullest extent permitted by applicable law, the benefit of any statute of limitations or other defenses affecting its liability hereunder or the enforcement thereof." In his appellee's brief,

appellee argued that this language in the guaranties should be read in the context of the entire transaction, including the deeds of trust. Paragraph 4.11 of the deeds of trust, entitled "Waiver of Exemption," contained a much more specific waiver clause: "Borrower waives the benefit of any statute regulating the obtaining of a deficiency judgment or requiring that the value of the property be set off against any part of the indebtedness secured hereby." Appellee reasoned that the use of different language in different clauses indicated that the parties intended different things by those clauses. And, more specifically, appellee argued that the inclusion of a specific waiver of statutory setoff rights in the deeds of trust but not in the guaranties implies that the parties to the guaranties did not intend a waiver of appellee's statutory setoff rights. I agree with appellee. *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 708 (Tex. App.—Dallas 2011, pet. denied) ("The use of different language in different parts of a contract generally means that the parties intended different things."). *Manchester* did not address or resolve this argument.

For the foregoing reasons, I dissent from the denial of appellee's motion for en banc reconsideration.

120447HD.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

–2–